UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                CRIMINAL ACTION

VERSUS                                                  NO. 04-28

HIKING DUPRE                                            SECTION "A"

## ORDER AND REASONS

Before the Court is a **Motion to Reduce Sentence (Rec. Doc. 156)** pursuant to Section 404 of the First Step Act of 2018 filed by the Defendant Hiking Dupre. For the following reasons, the motion is denied.

I.   **BACKGROUND**

In 2003, law enforcement officers stopped Hiking Dupre after a suspicious person call. (Rec. Doc. 164, p. 1, The Government's Opposition). Upon searching Dupre, officers found on his person a 9mm semi-automatic handgun and two plastic bags containing between five and twenty grams of crack cocaine. *Id*. When this search occurred, Dupre was within 1,000 feet of a playground and elementary school. *Id*. A jury then convicted Dupre of (1) possessing within intent to distribute crack cocaine within 1,000 feet of a playground under 21 U.S.C. §§ 841(a)(1) and 860, (2) using and carrying firearms during and in relation to a drug trafficking crime under 8 U.S.C. § 924(c), and (3) being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). (Rec. Doc. 69, Judgment).

On March 28, 2005, the Court sentenced Dupre to concurrent terms of 240 months in prison for Count 1 and 120 months in prison for Count 3. (Rec. Doc. 69, p. 2, Judgment). Further, the Court imposed a consecutive sentence of 60 months in prison for Count 2. *Id*. The Court explained its reasons for the upward departure in Dupre's sentence by stating that, "[t]he [D]efendant's criminal history category substantially under-represents the seriousness

of the [D]efendant's criminal history and there exists a likelihood that the [D]efendant will commit other crimes." (Rec. Doc. 85, p. 28, Transcript from Sentencing). The Fifth Circuit affirmed. *United States v. Dupre*, 253 F. App'x 389, 389-90 (5th Cir. 2007).

Subsequently, the Court denied three separate requests by Dupre for sentence reductions as a result of sentencing guideline amendments and 18 U.S.C. § 3582(c)(2). (Rec. Doc. 103); (Rec. Doc. 125); (Rec. Doc. 138). In this Court's second denial in 2013, this Court noted that, "[t]he [D]efendant's disciplinary record while incarcerated indicates that the [D]efendant is likely to commit further crimes and does not warrant a reduction." (Rec. Doc. 125). This Court similarly noted the Defendant's behavior issues in its third denial in 2016 by stating that, "[a]fter considering the [D]efendant's continued post-conviction behavior and 18 U.S.C. 3553, the motion is denied." (Rec. Doc. 138).

On December 21, 2018, the President signed into law the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act"). Section 404(b) of the First Step Act allows defendants sentenced under statutory, mandatory minimum provisions for crack offenses under 21 U.S.C. § 841(b)(1)(A) & (B) before August 3, 2010 that were also lowered by the Fair Sentencing Act of 2010[1] to petition courts to reduce their sentences as if the lower sentencing provisions were in effect at the time the offenses were committed.

As a result, Dupre filed this motion for relief under the First Step Act. (Rec. Doc. 156). The Government, however, opposes a reduction. (Rec. Doc. 162, p. 3, The Government's Opposition).

**II.  DISCUSSION**

In his motion for reduction, Dupre contends that the quantity of crack alleged in the indictment makes him eligible for a reduced sentence under § 404 of the First Step Act.

---

[1] Pub. L. No. 111–220; 124 Stat. 2372 ("Fair Sentencing Act").

Section 404 of the First Step Act allows the Court to impose a reduced sentence if the defendant committed a "covered offense." As the Fifth Circuit has explained, "[i]f [the defendant] was convicted of violating a statute whose penalties were modified by the Fair Sentencing Act, then [the defendant] meets that aspect of a 'covered offense.'" *United States v. Jackson*, 945 F.3d 315, 320 (5th Cir. 2019). However, as the Fifth Circuit has also noted, the First Step Act does not require the Court to reduce the sentence of an eligible defendant; rather, that decision is within the Court's discretion. *Id*. at 321 ("[even though the defendant] is eligible for resentencing does not mean he is entitled to it . . . [t]he sentencing court has broad discretion, since 'nothing' in the FSA 'shall be construed to require a court to reduce any sentence.'") (citations omitted).

Here, Dupre was adjudicated guilty of 21 U.S.C. §§ 841(a)(1) and 860, 8 U.S.C. § 924(c), and 18 U.S.C. § 922(g)(1). (Rec. Doc. 175, Court's Judgment). Because § 841(a)(1) was amended by the Fair Sentencing Act, this offense qualifies as a "covered offense." *Jackson*, 945 F.3d at 320. Accordingly, Dupre is eligible for resentencing. However, the Court chooses not to resentence Dupre for multiple reasons. First, the Court is concerned by the extensive nature of Dupre's criminal history. As the Court noted during Dupre's sentencing hearing, "[t]he [D]efendant has an extensive criminal history stemming back to when he was adjudicated guilty as a juvenile in 1994 for taking a gun to school." (Rec. Doc. 85, p. 28, Sentencing Hearing). "His criminal history reflects a propensity for violence and drug activity." *Id*. For instance, his juvenile offenses include:

1. October 4, 1993 – Carrying a firearm by a student and aggravated assault.
2. October 24, 1995 – Resisting an officer.
3. April 21, 1998 – Carrying a concealed weapon.[2]

---

[2] (Rec. Doc. 160, p. 21-22, Presentence Investigation Report).

His adult offenses include:

1. November 24, 1997– Possessing a firearm with narcotics, resisting an officer, and flight from an officer.
2. February 11, 1998 – Theft of property.
3. April 21, 1998 – Possessing crack cocaine.[3]

Further, he was arrested[4] for the following offenses:

1. December 6, 1996 – Simple Battery.
2. April 21, 1997 – Disturbing the Peace.
3. May 30, 1997 – Criminal trespass and resisting an officer.
4. September 15, 1997 – Disturbing the peace.
5. October 17, 1997 – Criminal trespass.
6. December 22, 1997 – Criminal trespass.
7. January 21, 1998 – Obstructing a public place.
8. January 27, 2001 – Possession of a stolen automobile, flight from an officer, felon with a firearm, and possession of crack cocaine.
9. June 12, 2001 – Purse snatching and armed robbery.
10. December 11, 2001 – Second degree murder.
11. May 13, 2002 – Felon with a firearm, possession with intent to distribute crack, and possession of a stolen automobile.
12. September 4, 2002 – Simple battery.[5]

Dupre's criminal conduct did not stop once he entered prison. His post-conviction behavior includes: engaging in sexual acts (18 times); refusing to obey orders (8 times); insolence (7 times); refusing work assignments (4 times); possessing a dangerous weapon (3 times); misusing medications (3 times); indecent exposure (2 times); assault without serious injury; fighting; disruptive comments; forging documents; possessing unauthorized

---

[3] (Rec. Doc. 160, p. 22-23, Presentence Investigation Report).

[4] The Court notes that the dispositions of these offenses are marked as "unknown" in the Presentence Investigation Report.

[5] (Rec. Doc. 160, p. 24-25, Presentence Investigation Report).

items; tattooing; interfering with security devices; threatening bodily harm; and possessing intoxicants. (Rec. Doc. 139, Inmate Discipline Data).

In sum, the Court finds Dupre's extensive criminal activity troubling. Before and after his conviction, Dupre has consistently displayed an inability to follow rules and refrain from improper behavior. Thus, the Court, in exercising its discretion under § 404 of the First Step Act, denies Dupre's request for resentencing.

Accordingly;

**IT IS ORDERED** that the **Motion to Reduce Sentence (Rec. Doc. 156)** pursuant to Section 404 of the First Step Act of 2018 filed by the Defendant Hiking Dupre is **DENIED**.

March 11, 2020

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE